JONATHAN RICHARD BARNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; GLORIA C. BARNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket Nos. 4647-82, 10323-82.
United States Tax Court
T.C. Memo 1985-397; 1985 Tax Ct. Memo LEXIS 230; 50 T.C.M. (CCH) 653; T.C.M. (RIA) 85397; August 7, 1985. *230 Held: The fair rental value of lodging furnished in a house owned by one of the petitioners (and not the mortgage payments made by that petitioner) is to be taken into account in determining which petitioner furnished more support to each of petitioners' children. Jonathan Richard Barnes, pro se, in Docket No. 4647-82. Gloria C. Barnes, pro se, in Docket No. 10323-82. Robert J. Foley, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes against petitioners for 1977 in the amounts of $939 (Jonathan Richard Barnes, Docket. No. 4647-82) and $448 (Gloria C. Barnes, Docket. No. 10323-82). These cases have been consolidated for trial, briefs, and opinion. After concessions, the issue for decision is whether, for dependency deduction purposes under section 152, [1] *231 the amount of support that petitioner Gloria C. Barnes provided to petitioners' children is to be determined by reference to (1) the fair rental value or (2) the current mortgage payments for the lodging she provided in the house she owned. The instant case has been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petitions were filed in the instant cases, petitioner Jonathan Richard Barnes (hereinafter sometimes referred to as "Jonathan") resided in Santa Clara, California, and petitioner Gloria C. Barnes (hereinafter sometimes referred to as "Gloria") resided in Fremont, California. Petitioners were divorced in 1970. The judicial custody decree granted Gloria custody of petitioners' three children--Thomas, Vivian, and Paul. Thomas and Vivian resided with Gloria for all of 1977. Paul resided with Gloria in 1977 until the end of June and with Jonathan for the rest of 1977. The fair rental value of Gloria's home was $5,400 for 1977. Gloria paid $250 per month in mortgage payments on this home in 1977. Between them, petitioners provided over half of the support of each of the three children in 1977. Jonathan provided at least $1,200 for the support of each of the three children and provided more of the support of Paul than Gloria did in 1977. On their respective tax returns for 1977, each of the petitioners claim *232 all three of the children as dependents. As to each petitioner, respondent disallowed all the claimed dependency deductions "because it has not been established that during this taxable year you furnished more than one-half of the support for any of them". Section 151(e) provides, in relevant part, an "exemption of $750 for each dependent (as defined in section 152)". [2] *233 Section 152(a) [3] defines a dependent to include a child over half of whose support for the calendar year was received from the taxpayer. In determining whether this support test has been met, section 152(e) [4] *234 *235 provides that, in the absence of an agreement to the contrary, if a child receives over half of his or her support during the calendar year from the child's divorced parents, the custodial parent is treated as providing over half of the child's support. However, if the noncustodial parent provides $1,200 or more for the support of the child for the calendar year, then the noncustodial parent is treated as having provided over half the support for that child unless the custodial parent clearly establishes that the custodial parent provided more for the support of that child during the calendar year. Since Jonathan provided at least $1,200 for the support of each of the children in 1977, he is entitled to treat each of the children as his dependent for that year, unless Gloria (or respondent) clearly establishes that Gloria provided more support than Jonathan did for that child. We have interpreted "clearly establish", as used in the statute, to mean a showing by a "clear preponderance" of the evidence. , affd. . As a result of the parties' stipulations, it is clear--and we hold--that Jonathan (and not Gloria) is entitled to treat Paul as his dependent for 1977. Furthermore, as a result of the parties' stipulations we are faced with the following situation: (1) if Gloria's support for Thomas and Vivian is to be determined by taking into account the fair rental value of her home, then she (and not Jonathan) is entitled to treat both Thomas and Vivian as her dependents, but (2) if that support is determined by taking into account the mortgage payments that Gloria made, then Jonathan *236 (and not Gloria) is entitled to treat both Thomas and Vivian as his dependents. Jonathan contends that the statute and regulations require that the value of the lodging provided by Gloria to the children must be its "fair market value" and that this can be determined only by reference of Gloria's actual expenses for the lodging, and not by fair rental value. It is respondent's and Gloria's [5] position that, when the lodging is furnished by way of ownership, the fair market value of the lodging is its fair rental value. We agree with respondent and Gloria. In , the parties thereto agreed as to the amounts of the taxpayers' out-of-pocket expenses and the fair rental value of the lodging. In Blarek, respondent argued that "in computing petitioners' contribution to Mary Sabo's support, only the actual out-of-pocket expenses incurred in supplying quarters to her--not the fair rental value thereof--are properly to be employed." (.) The taxpayer there argued that "what the dependent receives as lodgings must be measured *237 by the amount such dependent would be required to pay on the open market for comparable items of support, i.e., the fair market value thereof or, as here, the fair rental value." (.) Our opinion in Blarek, reviewed by the Court and with only two dissenters, concluded that "petitioners' contention is amply justified." (.) We held "that in determining the amount of support which Mary Sabo received from the taxpayers in the taxable year, the fair rental value of the room furnished her in the house owned by the taxpayers will be included as the equivalent of cash expended." (.) The position we took in Blarek, under the Internal Revenue Code of 1939, continues to be our position under the Internal Revenue Code of 1954. . We hold that Gloria (and not Jonathan) is entitled to treat Thomas and Vivian as her dependents for 1977. Decisions will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.
2. The subsequent amendments of this provision (by sec. 102(a) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2771; and by sec. 104(c)(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 189) do not affect the instant cases. 3. Section 152(a) provides in relevant part as follows: SEC. 152. DEPENDENT DEFINED. (a) General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
4. Section 152(e) provides in relevant part as follows: SEC. 152. DEPENDENT DEFINED. * * * (e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced * * * and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * * (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. [The subsequent revision of this provision, by sec. 423(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 799, does not affect the instant cases.]
5. Gloria did not file a brief; apparently she is content to rely on the benefit of respondent's efforts against Jonathan.↩